## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

RUFUS L. GRAY,                                                                                    PLAINTIFF
ADC #141375

v.                                        5:13CV00042-DPM-JJV

GAYLON LAY; *et al.*                                                                      DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      INTRODUCTION

Plaintiff Rufus Gray, an inmate at the Cummins Unit of the Arkansas Department of Corrections ("ADC"), filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983. He alleges the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Before the Court are Defendants' Motions for Summary Judgment (Doc. Nos. 55, 58). Plaintiff has responded to the Motions (Doc. Nos. 61, 63). Upon review of the pleadings and for the following reasons, Defendants' Motions are granted.

### II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.     UNDISPUTED FACTS

Plaintiff Rufus Gray woke on March 6, 2012, to a stinging sensation on his right arm (Doc. No. 60 ¶ 4). He went back to sleep and discovered, on reawakening, that his right forearm and hand had swollen (*Id.* ¶ 3). Mr. Gray discovered the remains of a spider in his bed  (Doc. No. 2 at 11).

At nine a.m. he informed a passing nurse that his arm required the attention of Nurse Bland because he thought a spider had bitten him (Doc. No. 60 ¶ 4-7). The nurse returned and informed Gray that Nurse Bland directed him to put in a sick call request (*Id.* ¶ 5). Plaintiff then explained his issue to a lieutenant, who relayed the message to the infirmary which reiterated Nurse Bland's instruction to submit a sick call (*Id.* ¶ 6). Plaintiff then submitted a sick call request which was received by the infirmary on March 7, 2012 and marked as 'routine' (*Id.* ¶¶ 14-16). Nurse Bland was not responsible for marking the request 'routine', nor was she responsible for scheduling sick call or provider appointments (*Id.* ¶ 17).

Plaintiff was seen on March 10 and 11 by an LPN who cleaned and expressed his wound (*Id.* ¶ 24). He saw Nurse Bland on March 12 when she examined his arm, provided local anesthesia, made an incision, and used forceps to remove matter from the affected area (*Id.* ¶ 27). Plaintiff,

already on a regimen of pain medicine, did not request and was not prescribed additional pain medicine after the operation (*Id.* ¶ 31).  In the medical judgment of Nurse Bland, Plaintiff had a boil rather than a spider bite (*Id*. ¶ 28).  He was reevaluated on April 12 by Nurse Bland, who determined his arm had fully healed and no further treatment was required (*Id*. ¶ 35).

Plaintiff submitted two grievances complaining of the alleged delay in receiving medical care during the incident (Doc. No. 2 at 21 and 27). Official responses found the grievances to have merit insofar as Plaintiff should have been seen within twenty-four hours, but went on to note that the issues raised had been resolved by subsequent treatment (*Id*. at 23 and 29).

Plaintiff brings this action against Nurse Bland for the alleged denial of "urgent, emergency care" (Doc. No. 2 at 4). He sues Warden Lay for alleged unconstitutional conditions of confinement.

## IV.    ANALYSIS

Plaintiff initiated this lawsuit claiming his civil rights were violated for allegations of deliberate indifference to his serious medical needs for treatment of an alleged spider bite.  He further claims his conditions of confinement were in violation of his Eight Amendment right to be free from cruel and unusual punishment.

### A.    Defendant Lay

Warden Lay moves for summary judgment on Plaintiff's claims against him. He advances several arguments which are, appearing in order, that: (1) he is, in his official capacity, immune from suit for monetary damages; (2) he is, in his official capacity, not a person subject to suit under 42 U.S.C. § 1983; (3) the Plaintiff has failed to demonstrate that Warden Lay had personal involvement in the allegedly violative conduct; (4) he did not violate Plaintiff's Eighth Amendment rights; (5) he did not deprive Plaintiff of medical care; and (6) he is entitled to qualified immunity.

Plaintiff's Response does not substantively address the foregoing arguments (Doc. No. 61).

Instead, he argues that Defendants failed to provide him with all documents in their possession and that, as a result, he has been denied the ability to adequately state parts of his claim (Doc. No. 61 at 2). This argument is unrelated to the substance of the Motion for Summary Judgment. And discovery was to be completed by December 30th, 2013 (Doc. No. 21), so any disputes relating to discovery should have been raised during the allotted period.

Turning back to Warden Lay's Motion, the Court examines each argument in turn.

### 1. Official Capacity Claims

The Court finds that all of Plaintiff's claims against Warden Lay in his official capacity should be dismissed. The Supreme Court has made clear that a "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). It is undisputed that Defendant Lay, as Warden of the Cummins Unit, is a state official. While a state official may be sued in his official capacity for prospective relief, Plaintiff seeks only money damages against Warden Lay in the current action. So his claim, therefore, is barred.

### 2. No Supervisory Liability

The Court finds that Plaintiff has failed to allege the personal involvement of Defendant Lay in any unconstitutional conduct. Accordingly, the Court also finds that Defendant Lay did not violate the Plaintiff's Eighth Amendment rights, nor did he deprive Plaintiff of medical care. A supervisor incurs liability only when personally involved in the constitutional violation or when his corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Plaintiff's Complaint makes only two allegations concerning Defendant Lay - that he is responsible for inmate health and safety, and he is responsible for ensuring pest control is done in a timely manner (Doc No. 2 at 4). Neither allegation personally implicates

Defendant Lay in unconstitutional conduct or deliberate indifference toward a constitutional violation. Additionally, Plaintiff's only communication with Defendant Lay about the injury to his right arm occurred through the grievance process (Doc. No. 57 ¶ 37). A professional exterminator has provided pest control services to the Cummins Unit on a monthly basis since at least 2011 (*Id.* ¶ 35). Defendant Lay is not personally involved in the medical treatment of inmates or in the making of decisions concerning their treatment (*Id.* ¶ 34).

Insofar as the Plaintiff complains of medical indifference, such allegations can proceed only against those individuals directly responsible for his medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). As noted above, Defendant Lay did not personally treat inmates or make decisions concerning their medical treatment (Doc No. 57 ¶ 34). The general allegation that Defendant Lay is responsible for inmate health and safety is insufficient to stake a claim against him on the basis of medical indifference.

> 3.    Conditions of Confinement

The Court notes that Plaintiff's Complaint does not explicitly state that the conditions of his confinement were unconstitutional. Rather, the Plaintiff alleges only that Defendant Lay was responsible for ensuring that prison pest control was timely (Doc. No. 2 at 4).

To support an Eighth Amendment claim for relief, Plaintiff must allege that Defendant Lay was deliberately indifferent – that he knew of, and yet disregarded an excessive risk of harm to the Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). His allegations fail to do so. The record indicates that Defendant Lay arranged for monthly pest control at the Cummins Unit (Doc. No. 57 ¶ 35). Moreover, prior to the incident in question the Plaintiff had never complained of pest problems (*Id.* ¶ 36). The Court therefore cannot conclude that Defendant Lay was deliberately indifferent to an excessive risk of harm to the Plaintiff's health and safety.

4.    Qualified Immunity

Even if Defendant Lay could be found to have violated Plaintiff's rights, the Court finds he

would be entitled to qualified immunity. Qualified immunity protects officials who acted in an

objectively reasonable manner and shields a government official from liability when his or her

conduct does not violate "clearly established statutory or constitutional rights of which a reasonable

person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity

is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d

510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on

summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an

immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is

effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were

unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194,

201 (2001).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could

answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522,

528 (8th Cir. 2009).

As noted above, Plaintiff failed to allege how Defendant Lay violated his constitutional

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two
prongs of the qualified immunity analysis should be addressed first in light of the circumstances
in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th
Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

7

rights. Accordingly, upon review of the pleadings, including Plaintiff's Response to Warden Lay's

Motion, the Court finds that Defendant Lay is entitled to qualified immunity.  No reasonable fact

finder could find that the facts, construed in a light most favorable to the Plaintiff, establish a clear

violation of a constitutional or statutory right such that a reasonable official would have known his

actions to be unlawful.

### B.     Defendant Bland

Defendant Bland moves for summary judgment on Plaintiff's claims against her, arguing that:

(1) the allegations raised in the Complaint fail to state a claim invoking constitutional rights; and (2)

any claim for deliberate indifference which the Complaint may be deemed to state is unsupportable

against her.

### 1.     Failure to Follow ADC Policy

Plaintiff alleges he was denied emergency medical care for a spider bite when, at Defendant

Bland's direction, he filed a sick-call and was not seen within twenty-four hours (Doc. No. 60 ¶ 2).

Plaintiff claims that failure to provide medical attention within twenty-four hours is a violation of

ADC policy which renders Defendant Bland constitutionally liable to him (*Id.* ¶ 1). Defendant Bland

argues that a violation of ADC policy, accepted as true, fails to state a claim under 42 U.S.C. § 1983.

The Court agrees.

A violation of prison policy, standing alone, does not amount to a constitutional violation.

*See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). While a violation of an inmate's

constitutional rights is sometimes accompanied by a simultaneous violation of prison policy, the two

are not equivalent.  Section 1983 is limited insofar as it authorizes a plaintiff to bring a claim for

relief against a person who, acting under the color of state law, violated the claimant's federally

protected rights. While the Court recognizes the importance of prison policies, claims that arise

solely from a defendant's failure to follow such policies do not implicate federal rights. The Court therefore agrees with Defendant Bland and dismisses those claims against her which assert a failure to follow prison policy.

### 2.    Deliberate Indifference

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The Court notes that, in order to avoid summary judgment, allegations that a delay in treatment constitutes a constitutional deprivation must be accompanied by medical evidence which establishes that the delay had a detrimental effect. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). *See also Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim). Here, however, the records shows Plaintiff's arm had completely healed approximately one month after he initially reported the problem to medical personnel (Doc. 60 ¶ 35). So Plaintiff has failed to provide the requisite evidence to establish a detrimental effect attributable

to the delay.

Moreover, the standard for deliberate indifference requires not only that the Plaintiff have suffered from objectively serious medical needs, but that prison officials actually knew of and disregarded those needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Nothing in the record indicates that Defendant Bland knew of and disregarded serious medical needs. Plaintiff's issue was referred to Bland by a member of the medical staff and Bland directed Plaintiff to submit a sick-call (Doc. No. 60 ¶ 5). The issue was not presented to Defendant Bland as a medical emergency (*Id.* ¶ 13). In hindsight, Plaintiff believes - reasonably in the Court's view - he should have been seen within twenty-four hours. But at that time, Plaintiff admits he did not consider his condition an emergency (*Id.* ¶ 19). In his deposition testimony, Plaintiff agreed that "it w[as]n't [] an emergency, because it's not an acute medical problem that threatened [his] life. Examples are severe bleeding, loss of consciousness, seizure, similar to a person responding by dialing 9-1-1. That was not [his] condition though, emergency." (Doc. 60-4 at 12). Therefore, the Court concludes Defendant Bland did not act with deliberate indifference when directing Plaintiff to submit a sick-call.

Additionally, while it is undisputed that a delay of greater than twenty-four hours occurred between Plaintiff submitting his sick-call and being seen by medical personnel, the record fails to show this delay was attributable to Defendant Bland. While she may have directed him to submit the sick-call, it is undisputed that she was not responsible for scheduling sick-call or provider appointments (Doc. No. 60 ¶ 17). Even if such a delay could be found to constitute deliberate indifference, nothing in the record convinces the Court that Defendant Bland could be held liable for it.

For the foregoing reasons, the Court cannot conclude that Defendant Bland acted with

deliberate indifference toward the Plaintiff's serious medical needs.  Therefore, her Motion for

Summary Judgment should be granted.

**V.     CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.      Defendants' Motions for Summary Judgment (Doc. Nos. 55, 58) be GRANTED and

the claims against them be dismissed with prejudice;

2.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of April, 2014.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE